# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LEODIS RANDLE**　　　　　　　　　　　　　　　　　　　　　　**PETITIONER**

**No: 4:20-cv-01380  BRW/PSH**

**STATE OF ARKANSAS, et. al**　　　　　　　　　　　　　　**RESPONDENTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Leodis Randle ("Randle") filed a petition for writ of habeas corpus on November 18, 2020. The Court subsequently ordered Randle to submit either the

1

$5 filing fee or a properly completed *in forma pauperis* application.[1] Docket entry no. 2. Randle submitted the filing fee on January 4, 2021. Docket entry no. 3. In his petition for writ of habeas corpus, Randle named the State of Arkansas as the respondent. As a result, on January 7, 2021, the Court directed Randle to provide the name of his custodian, the proper respondent in a federal habeas corpus case. Randle was again notified of his responsibility to comply with Local Rule 5.5. Randle was specifically informed that failure to comply with the Court's January 7 Order could result in the recommended dismissal of the case without prejudice.

Randle has not responded to the Court's January 7 Order. Mail from the Court to Randle has twice been returned as undeliverable. Docket entry nos. 5 & 6. Under these circumstances, the Court concludes that Randle's petition should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

Therefore, the Court recommends that Randle's petition for writ of habeas

---

[1] The order also notified Randle of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which requires a party not represented by counsel to promptly notify the clerk and parties of any change of address, and notifies that party that if any communication from the Court to a pro se plaintiff is not responded to within 30 days, the case may be dismissed without prejudice.

corpus be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right and recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 16th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE